JS 44 (Rev. 06/17)

**CIVIL COVER SHEET**

17-CV-4136

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| EDWARD MURRAY, *individually and on behalf of all others similarly situated* | TRUE SCREEN, INC.    17    4136 |

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert P. Cocco, P.C.,
1500 Walnut St., Ste.900, Philadelphia, PA 19102
215-351-0200

Attorneys *(If Known)*

---

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

---

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation -
Transfer

☐ 8 Multidistrict
Litigation -
Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 15 U.S.C. §1681 et seq.
Brief description of cause: inaccurate credit reporting dispute

**VII. REQUESTED IN
COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S)
IF ANY**
*(See instructions):*     JUDGE _____   DOCKET NUMBER _____

SEP 15 2017

| DATE  9/15/17 | SIGNATURE OF ATTORNEY OF RECORD   *[signature]* | S.T. |
|---|---|---|

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

<u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

| | | |
|---|---|---|
| EDWARD A. MURRAY | : CIVIL ACTION | |
| v. | : | 17  4136 |
| | : NO. | |
| TRUE SCREEN INC. et al. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)    Habeas Corpus -- Cases brought under 28 U.S.C. §2241
through §2255.                                                                                    (     )

(b)    Social Security -- Cases requesting review of a decision of the Secretary of Health and Human
Services denying plaintiff Social Security Benefits.                          (     )

(c)    Arbitration -- Cases required to be designated for
arbitration under Local Civil Rule 8.                                            (     )

(d)    Asbestos -- Cases involving claims for personal
injury or property damage from exposure to asbestos.            (     )

(e)    Special Management -- Cases that do not fall into
tracks (a) through (d) that are commonly referred to
as complex and that need special or intense management
by the court. (See reverse side of this form for a
detailed explanation of special management cases.)            ( X )

(f)    Standard Management -- Cases that do not fall into any
one of the other tracks.                                                          (     )

_9/15/17_                                    _____
(Date)                                           Attorney-at-law

                                                    ROBERT P. COCCO, ESQ.          .
                                                    Attorney for Plaintiff

SEP 15 2017

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __7317 Boreal Place, Philadelphia, PA 19153__

Address of Defendant: __251 Veterans Way Warminster, PA18974.__

Place of Accident, Incident or Transaction: __7317 Boreal Place, Philadelphia, PA 19153.__
*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?                                          Yes ☐   No ☑

*RELATED CASE, IF ANY:*      **None.**

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

                                                                                                            Yes ☐   No ☑

2.  Does this case involve the same issue of factor grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

                                                                                                            Yes ☐   No ☑

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

                                                                                                            Yes ☐   No ☑

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*                                     B. *Diversity Jurisdiction Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts    1. ☐ Insurance Contract and Other Contracts

2. ☐ FELA                                                         2. ☐ Airplane Personal Injury

3. ☐ Jones Act-Personal Injury                                    3. ☐ Assault, Defamation

4. ☐ Antitrust                                                    4. ☐ Marine Personal Injury

5. ☐ Patent                                                       5. ☐ Motor Vehicle Personal Injury

6. ☐ Labor-Management Relations                                   6. ☐ Other Personal Injury (Please specify)

7. ☐ Civil Rights                                                 7. ☐ Products Liability

8. ☐ Habeas Corpus                                                8. ☐ Products Liability - Asbestos

9. ☐ Securities Act(s) Cases                                      9. ☐ All other Diversity Cases

10. ☐ Social Security Review Cases

11. ☑ All other Federal Question Cases
(Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, __Robert P. Cocco,__ _____ counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 9/11/17      _____      61907 .
                        Attorney-at-Law              Attorney I. D.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38** .

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/15/17      _____      61907 .
                        Attorney-at-Law              Attorney I.D.#

SEP 15 2017

#400

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD A. MURRAY, *individually and on behalf of all others similarly situated,*<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>JOHNSON MATTHEY INC. d/b/a JOHNSON MATTHEY TESTING; and TRUE SRECEEN, INC.<br>　　　　　　　Defendants. | NO.　　**17　4136**<br><br>**JURY TRIAL DEMANDED**<br><br><br><br>**FILED**<br>SEP 1 5 2017<br>KATE BARKMAN, Clerk<br>By_____ Dep. Clerk |

## CLASS COMPLAINT

COMES NOW the Plaintiff Edward A. Murray ("Plaintiff" or "Mr. Murray"), on behalf of himself and all similarly situated individuals, by counsel, as for Class Complaint against the Defendants, he alleges as follows:

### PRELIMINARY STATEMENT

1.　　Plaintiff brings individual and class claims against TRUE SCREEN, INC. ("True Screen") for violation of his rights under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* for furnishing a misleading and inaccurate criminal background report furnished to a third party.

2.　　Plaintiff brings individual claims against JOHNSON MATTHEY INC. d/b/a JOHNSON MATTHEY TESTING ("JMT") for violation of his rights under the Pennsylvania Criminal History Record Information Act ("CHRIA"), 18 Pa. Cons. Stat. Ann. § 9125.



## GENERAL ALLEGATIONS

3.      Many employers require job applicants to complete a background check successfully prior to extending an offer of employment.

4.      Companies that provide background check services collect information concerning members of the public, such as criminal histories, into reports and offer the reports for sale. Including for sale to employers when the employers are conducting background checks on prospective and current employees.

5.      Defendant True Screen provides such services. Defendant True Screen offers background reports for sale to employers, such as to Defendant JMT, including background reports containing criminal histories.

6.      Because an employer's hiring decision often depends upon the applicant being either completely free of criminal convictions, free of certain types of criminal conviction, or free of criminal convictions within a certain period of time, it is extremely important that the information contained in criminal history reports is accurate.

7.      Unfortunately, for prospective employees whose prospective employers engage Defendant True Screen's background reporting services, the reports (a "Criminal Conviction Report") are often misleading and inaccurate.

8.      Defendant True Screen's misleading and inaccurate Criminal Conviction Reports result in adverse employment decisions against qualified employees.

9.      Defendant True Screen provided a misleading and inaccurate Criminal Conviction Report to Defendant JMT in that they willfully reported Mr. Murray's summary offense conviction as an "Infraction" conviction. A "Infraction" disposition classification does not exist in the Pennsylvania Crimes Code.

2

10.     Thus, the Defendant True Screen presented Mr. Murray's criminal history information in its Criminal Conviction Report in a manner that misleads and is inaccurate, which consequently injured Mr. Murray.

11.     As described in detail below, Defendant has injured Mr. Murray by providing his prospective employer with a misleading and inaccurate Criminal Conviction Report. The inaccurate Criminal Conviction Report resulted in, among other things, Mr. Murray's offer of employment being rescinded by Defendant JMT.

12.     A report that is anything but blank can severely undermine an individual's employment possibilities for his or her entire life and can result in collateral consequences that expand an individual's punishment beyond that originally contemplated by the criminal justice system.

13.     For that reason, Pennsylvania law, through the Pennsylvania Criminal History Record Information Act ("CHRIA"), forbids employers from considering arrests or charges that did not result in a conviction when making hiring decisions, and provides important substantive and procedural protections to job applicants to enforce that prohibition.

14.     CHRIA applies to all Pennsylvania employers that decide whether or not to hire an employment applicant based in whole or in part on the basis of the applicant's criminal history record information.

15.     CHRIA allows Pennsylvania employers to consider only felony and misdemeanor convictions in hiring decisions but such information "may be considered by the employer only to the extent to which they relate to the applicant's suitability for employment in the position for which he has applied." 18 Pa. C.S. § 9125(a)-(b).

3

16.     CHRIA forbids employers from considering arrests or charges that did not result in convictions, including withdrawn charges, when making hiring decisions.

17.     CHRIA forbids employers from considering summary convictions, when making hiring decisions.

18.     CHRIA requires that when an employer denies a job application in whole or in part based on criminal history record information, the employer must notify the applicant in writing of such basis for its decision, so that an applicant can identify any inaccurate information.

19.     Mr. Murray has experienced the damage to his reputation and to his ability to earn an income that CHRIA was designed to prevent. In July 2017, Defendant JMT refused to hire Mr. Murray based **solely or in part** on criminal history record information that showed criminal convictions unrelated to the job for which he had applied.

20.     Defendant True Screen systematically and willfully violates the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA"), by failing to follow reasonable procedures to assure maximum possible accuracy of Mr. Murray's Criminal Conviction Report.

21.     Defendant JMT violated CHRIA, 18 Pa. C.S. § 9125 for Defendant JMT's impermissible use of Mr. Murray's summary and misdemeanor convictions to deny him employment to which he was qualified and for which he would have otherwise would have been hired.

22.     Thus, Ms. Murray brings the instant claims, seeking injunctive relief, actual damages, exemplary and punitive damages, and costs and fees.

4

## PARTIES

23.     Mr. Murray Murray is a sixty-year-old African-American man who resides in Philadelphia, Philadelphia County, Pennsylvania and is a "consumer" as protected and governed by the FCRA, at 15 U.S.C. § 1681a.

24.     Defendant JMT is a Pennsylvania corporation operating in the Philadelphia area with a principal place of business located at 435 Devon Park Drive, Wayne, PA19087. At all times relevant hereto, it was a "user" of the consumer report of Plaintiff, as governed by the FCRA.

25.     Defendant True Screen is a business entity that provides background screening services, decision-making intelligence, public record reports and operates as a consumer reporting agency. Defendant True Screen regularly conducts business in the Commonwealth of Pennsylvania, and operates a principal place of business at 251 Veterans Way Warminster, Bucks, PA18974.

26.     At all times relevant hereto third party Defendant True Screen operated as "consumer reporting agencies" as defined and governed by the FCRA, 15 U.S.C. §1681a(f).

## JURISDICTION AND VENUE

27.     This Court has original subject matter jurisdiction over Mr. Murray's FCRA claim pursuant to under 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and supplemental jurisdiction over his CHRIA claim pursuant to 28 U.S.C. §1367.

28.     Mr. Murray's CHRIA claim is so closely related to the FCRA claim that it forms part of the same case or controversy under Article III of the United States Constitution.

29.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b)(2).

30.    This Court has personal jurisdiction over the matter because the Defendants conduct substantial business activity in this District and because many of the unlawful acts described herein occurred in this District and give rise to the claims alleged, including but not limited to: Mr. Murray's claims arise directly out of Defendant True Screen's conduct within the Commonwealth of Pennsylvania, including Defendant True Screen's misleading and inaccurate criminal back report to Mr. Murray's potential employer Defendant JMT.

### FACTUAL ALLEGATIONS

31.    Mr. Murray has been arrested and charged with crimes on three occasions. First, in May 1982, Mr. Murray was charged with two misdemeanors. The charges were withdrawn and did not result in any conviction.

32.    Second, in March 2009, Mr. Murray was charged with two misdemeanors. On May 2009, the charges were withdrawn and instead Mr. Murray pleaded guilty to two summary offenses.

33.    Third, in 2014, Mr. Murray was charged with and found guilty of one misdemeanor for driving under the influence.

**Mr. Murray's Application for Employment with Defendant JMT**

34.    In or around April 28, 2017, Mr. Murray applied for an open position with Defendant JMT as a maintenance electrician by completing a Defendant JMT employment application online.

35.    As a maintenance electrician, Mr. Murray would not have to operate a vehicle or any other machinery.

36.    Mr. Murray was qualified for the position based on his work history. Mr Murray has worked for over twenty (20) years in the mechanical and electrical trades as an Electro-

6

Mechanical Technician, Operating Engineer, Independent Business Owner, Journeyman Maintenance Mechanic, and Rail Vehicle Electronics Specialist working for industry leading organizations including but not limited to:

a. 12/2016 to Present - Industrial Maintenance Mechanic, Pandrol USA, Bridgeport, NJ;

b. 11/2015 to 03/2016 - Maintenance Mechanic, IFF/Ottens Flavors Mfg. Co., Philadelphia/Folcroft, PA;

c. 06/2012 to 04/2014 - Industrial Electrician IV/Facilities Specialist, URS Corporation, Collegeville, PA;

d. 06/2011 to 12/2011 - Field Service Technician, Top Tempo Technical, Philadelphia, PA;

e. 02/2010 to 07/2011 - Electro-Mechanical Technician, Pepperidge Farm Inc., Downingtown, PA;

f. 05/2008 to 12/2008 - Operating Engineer/Critical Data Center, Jones Lang LaSalle, Wilmington, DE;

g. 08/2003 to 05/2010 - Owner, Murray Electrical, Philadelphia, PA a Philadelphia based maintenance and repair company focusing on electrical, carpentry, plumbing, heating and appliance repair;

h. 07/2003 to 09/2003 - Journeyman Maintenance Mechanic, United Parcel Service, Philadelphia, PA;

i. 09/2001 to 07/2003 - Rail Vehicle Electronics Specialist, S.E.P.T.A., Philadelphia, PA

j. 03/1996 to 03/2001 - Electro-Mechanical-Technician/Electrician, Interstate Brands, Inc., Hostess;

k. 05/1986 to 02/1996 - Sands Hotel and Casino, Electronics Slot Technician;

7

l.  01/1979 to 03/1986 - United States Postal Service, Mail Processing Equipment Mechanic; and

m.  1974 to 1978 - Aircraft Crash/Fire Rescueman, United States Marine Corps (Honorable Discharge).

37.    Shortly thereafter, Mr. Murray visited Defendant JMT's location to attend an interview regarding employment.

38.    After the aforesaid interview, on or about May 17, 2017 Defendant JMT made an offer of employment to Mr. Murray contingent upon a drug screen and background check results.

39.    In connection with Mr. Murray's application, Defendant JMT purchased a background screening report from Defendant True Screen. Hence, the report was obtained and used for an employment purpose.

40.    Thereafter, using its usual practices and procedures, Defendant True Screen compiled and furnished a consumer background report regarding Mr. Murray to Defendant JMT. On or about June 15, 2017, JMT sent Mr. Murray a pre-adverse action notice letter stating that the background check report received from Defendant True Screen may affect his application for employment with Defendant JMT. Attached to the letter was a Consumer report prepared by Defendant True Screen which included a Criminal Conviction Report.

41.    Mr. Murray, upon review of the Criminal Conviction portion of the Consumer Report, noted that it inaccurately reported the disposition of his 2009 arrest.

42.    Review of the Criminal Conviction Report complied and furnished by Defendant True Screen reveals that True Screen reported Mr. Murray's summary offense as an "Infraction."

43.    An "Infraction" disposition classification does not exist in the Pennsylvania Crimes Code.

8

44.     On or about June 19, 2017, Mr. Murray disputed the inaccurate criminal reporting with Defendant True Screen.

45.     On or about June 20, 2017, Defendant True Screen replied to the dispute by stating that the dispute was being processed by Defendant True Screen.

46.     On or about July 3, 2017, Defendant True Screen stated that they verified the inaccurate reporting of the 2009 summary offenses as "Infractions" in response to Mr. Murray's dispute.

47.     On or about July 6, 2017, Defendant JMT sent to Mr. Murray an adverse action letter rescinding its prior offer of employment to him based on the background check report received from Defendant True Screen.

48.     On or about July 6, 2017, Mr. Murray again disputed the inaccurate criminal reporting with Defendant True Screen. In doing so, Mr. Murray included docket entries from the Montgomery County District Court and the contact information for the clerk of said court to verify the information provided including but not limited to withdrawal of the misdemeanor charges by the county prosecutor.

49.     On or about July 7, 2017, Defendant JMT sent to Mr. Murray an email and a letter confirming Defendant JMT's rescission of its prior offer of employment to him based on the background check report received from Defendant True Screen.

50.     On or about July 11, 2017, Defendant True Screen again verified the inaccurate reporting of the 2009 misdemeanor offenses in response to Mr. Murray's dispute.

51.     The Criminal Conviction Report that Defendant True Screen complied and furnished to Defendant JMT included a misdemeanor offense and two "Infractions."

9

52.     Defendant JMT denied Mr. Murray's application for employment based at least partially upon the inaccurately reported summary convictions.

**The Pennsylvania Criminal History Record Information Act**

53.     CHRIA applies to all Pennsylvania employers that decide whether or not to hire an employment applicant based in whole or in part on the basis of the applicant's criminal history record information.

54.     CHRIA allows Pennsylvania employers to consider felony and misdemeanor convictions in hiring decisions but such information "may be considered by the employer only to the extent to which they relate to the applicant's suitability for employment in the position for which he has applied." 18 Pa. C.S. § 9125(b).

55.     CHRIA requires that when an employer denies a job application in whole or in part based on criminal history record information, the employer must notify the applicant in writing of such basis for its decision, so that an applicant can identify any inaccurate information.

## CLASS ACTION ALLEGATIONS

56.     Plaintiff brings this action individually and as a class action for Defendant's violation of the FCRA. Plaintiff brings this action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All natural persons residing in the United States who, within two (2) years prior to the filing of the Complaint and continuing through the resolution of this case, were the subjects of background reports prepared by Defendant True Screen which disclosed a Pennsylvania summary offense as an "Infraction."

57.     The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant True Screen, Plaintiff avers upon information and belief that the Class numbers in the hundreds or thousands.  Defendant

True Screen sells criminal history record information to thousands of businesses throughout the country, and their reports to such businesses are standardized, form documents, produced by the same practices and procedures applicable to all subjects of the reports. Moreover, thousands of people have been charged and/or convicted of summary offenses in Pennsylvania during the Class period.

58.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal questions include whether Defendant, by employing a policy and practice of misidentifying summary offenses as Infractions, misdemeanors, or more serious offenses, violated section 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

59.     Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

60.     Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter.   Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

61.     This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of

other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

62.      A class action is a superior method for the fair and efficient adjudication of this controversy.   The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small.   Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b)
### (CLASS CLAIM v. Defendant True Screen)

63.      Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

64.      Defendant True Screen has admitted the FCRA applies to the Criminal Conviction Report it issued to Plaintiff because the report included, *inter alia*, a copy of Plaintiff's rights under the FCRA.

65.      Defendant True Screen's Criminal Conviction Reports are "consumer reports" under the FCRA because each Criminal Conviction Report is a "written ... communication of ... information by a consumer reporting agency bearing on a consumer's ... character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for ... employment purposes[.]" *Id.* § 1681a(d)(1)(B).

66.      As part of its service agreement with its customers, Defendant True Screen requires that its subscribers contact Defendant True Screen to invoke special procedures for

12

preparation and use of a Criminal Conviction Report in the case of suspected misconduct or violation of state, federal, or local law.

67.     Mr. Murray's Criminal Conviction Report was not procured using these special procedures.

68.     Mr. Murray's report was not procured in connection with any investigation of suspected misconduct relating to employment or to compliance with federal, State, or local laws and regulations, the rules of a self-regulatory organization, or any preexisting written policies of the employer.

69.  Under FCRA § 1681e(b), Defendant True Screen has a duty to "follow reasonable procedures to assure maximum possible accuracy of the information" in the Criminal Conviction Reports. *Id.* § 1681e(b).

70.     Defendant True Screen's failure to the Plaintiff and other members of the putative class to follow reasonable procedures to assure maximum possible accuracy of the information in the Criminal Conviction Reports violated 15 U.S.C. § 1681e(b) by it knowingly, recklessly, or negligently reports summary convictions as "Infractions" in the Criminal Conviction Report.

71.     Consumer reports are inaccurate for purposes of Section 1681e(b) not only when they are facially false, but also when they are technically accurate yet nonetheless misleading.

72.     The conduct, action, and inaction of Defendant True Screen was willful, rendering each liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

73.     Plaintiff and other members of the putative class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant True Screen in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

13

74.     As a result of these FCRA violations, Defendant is liable to Plaintiff and to each Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2), and for attorney's fees and costs pursuant to §1681n.

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b) and 1681i**
**(INDIVIDUAL CLAIM v. Defendant True Screen)**

75.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if fully set forth at herein.

76.     Defendant True Screen has admitted the FCRA applies to the Criminal Conviction Report it issued to Plaintiff because the report included, *inter alia*, a copy of Plaintiff's rights under the FCRA.

77.     Defendant True Screen's Criminal Conviction Reports are "consumer reports" under the FCRA because each Criminal Conviction Report is a "written … communication of … information by a consumer reporting agency bearing on a consumer's … character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for … employment purposes[.]" *Id.* § 1681a(d)(1)(B).

78.     As part of its service agreement with its customers, Defendant True Screen requires that its subscribers contact Defendant True Screen to invoke special procedures for preparation and use of a Criminal Conviction Report in the case of suspected misconduct or violation of state, federal, or local law.

79.     Mr. Murray's Criminal Conviction Report was not procured using these special procedures.

14

80.     Mr. Murray's report was not procured in connection with any investigation of suspected misconduct relating to employment or to compliance with federal, State, or local laws and regulations, the rules of a self-regulatory organization, or any preexisting written policies of the employer.

81.  Under FCRA § 1681e(b), Defendant True Screen has a duty to "follow reasonable procedures to assure maximum possible accuracy of the information" in the Criminal Conviction Reports. *Id.* § 1681e(b).

82.  Consumer reports are inaccurate for purposes of § 1681e(b) not only when they are facially false, but also when they are technically accurate yet nonetheless misleading.

83.  Under FCRA § 1681i(5)(A), Defendant True Screen has a duty to provide after reinvestigation of information disputed by a consumer that is found to be inaccurate or incomplete or cannot be verified to promptly delete or modify that item of information, as appropriate, based on the reinvestigation results and then promptly notify the furnisher of same.

84.     As set forth above, Defendant True Screen has lacked, and continues to lack, reasonable procedures to assure the maximum possible accuracy of the information concerning the information about whom the reports relate because it knowingly, recklessly, or negligently reports summary convictions as "Infractions" in Mr. Murray's Criminal Conviction Report.

85.     Defendant True Screen's violation of § 1681e(b) and § 1681i was willful in that (i) it knew, or reasonably should have known, that it was failing to comply with the FCRA and/or (ii) it was acting in reckless disregard of its responsibilities under the FCRA.

86.     In the alternative, Defendant True Screen's violation of § 1681e(b) and § 1681i was negligent in that it had an affirmative statutory duty to employ reasonable procedures to

15

ensure maximum possible accuracy of the information in the consumer reports in question, but failed to comply with that statutory duty.

87.    If Defendant True Screen willfully violated § 1681e(b) and § 1681i, Plaintiff is entitled to any actual damages they sustained or damages of not less than $100 and not more than $1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorney's fees as determined by the court, as specified in Section 1681n(a)(1)(A), (2), and (3).

88.    In the alternative, if Defendant True Screen negligently violated § 1681e(b) and 1681i, Plaintiff is entitled to any actual damages he sustained, along with the costs of the action together with reasonable attorney's fees as determined by the court, as specified in § 1681o(a)(1), (2).

## COUNT III
### Violation of 18 Pa. C.S. § 9125(a-b))
### (INDIVIDUAL CLAIM v. Defendant JMT)

89.    Plaintiff reiterates each of the allegations in the preceding paragraphs as if fully set forth herein.

90.    Mr. Murray applied for employment with Defendant JMT.

91.    Mr. Murray was qualified for the position.

92.    Defendant JMT willfully decided not to hire Mr. Murray based on information that was part of his criminal history record information file provided by Defendant True Screen.

93.    CHRIA allows employers to consider felony and misdemeanor convictions in hiring decisions but such information "may be considered by the employer only to the extent to which they relate to the applicant's suitability for employment in the position for which he has applied." 18 Pa. C.S. § 9125(a).

16

94.     Mr. Murray was never convicted of a misdemeanor or felony offense in 2009 and therefore cannot, in whole or in part, legally form the basis for an employer's decision not to hire him.

95.     Mr. Murray's misdemeanor convictions for driving under the influence did not relate to his suitability for employment in the mechanical engineer position at JMT for which he applied.

96.     Withdrawn charges against Mr. Murray were not convictions and cannot, in whole or in part, legally form the basis for an employer's decision not to hire him.

97.     Summary convictions cannot legally form the basis for an employer's decision not to hire him.

98.     The actions of Defendant JMT injured Mr. Murray, including by causing significant damages in lost wages and benefits and harm to his reputation.

99.     Accordingly, Defendant JMT willfully violated 18 Pa. C.S. § 9125(a)-(b).

100.    Mr. Murray is entitled to injunctive relief, any actual and real damages not less than $100 for each of these violations, exemplary and punitive damages not less than $1,000 and not more than $10,000 for each of these violations, reasonable costs of litigation and attorneys' fees, as specified in 18 Pa. C.S. § 9183.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands trial by jury on all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

a.      That judgment be entered against Defendant True Screen for statutory damages in the amount of not less than $100 and not more than $1,000 per violation, pursuant to 15 U.S.C. § 1681n(a);

b.      That judgment be entered against Defendant True Screen for actual damages, pursuant to 15 U.S.C. §§ 1681n and 1681o;

c.      That judgment be entered against Defendant True Screen for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

d.      Award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 1681o;

e.      Award injunctive relief, pursuant to 18 Pa. C.S. § 9183(a), compelling Defendant JMT to discontinue their practices of violating 18 Pa. C.S. § 9125 in their hiring processes and providing a system to monitor compliance;

f.      Award Plaintiff actual and real damages not less than $100 for each of these violations, pursuant to 18 Pa. C.S. § 9183(b)(2);

g.      Award Plaintiff exemplary and punitive damages not less than $1,000 and not more than $10,000 for each of these violations, pursuant to 18 Pa. C.S. § 9183(b)(2);

h.      Award Plaintiff his reasonable costs of litigation and attorneys' fees, pursuant to 18 Pa. C.S. § 9183(b)(2); and

i.      That the Court grant such other and further relief as may be just and proper.


Dated: September 15, 2017

ROBERT P. COCCO, P.C.
By:  Robert P. Cocco, Esquire
Attorney ID No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102

18

Telephone: 215-351-0200
rcocco@rcn.com

WILLIG, WILLIAMS & DAVIDSON
Ryan Allen Hancock
Attorney ID No. 92590
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
Telephone: 215.656.3679
rhancock@wwdlaw.com

*Attorneys for Plaintiff and Proposed Class*

19